TRANSFER TAX—EXEMPTIONS—RELIGIOUS CORPORATIONS.

Laws 1892, c. 399, § 2, exempting religious corporations from payment of the tax on legacies, applies only to corporations incorporated in this state.

Assessment of the estate of one Fayerweather, deceased, for taxation under the transfer tax act. From an order assessing the tax on a legacy to it, Lincoln University appeals. Affirmed.

Howard A. Taylor, for legatee.

Emmet R. Olcott and Edgar J. Levey, for comptroller.

FITZGERALD, S. This is an appeal from an order heretofore entered herein, assessing the transfer tax upon a legacy of $100,000 bequeathed to Lincoln University. The appellant claims to be entitled to exemption from taxation under the transfer tax act,[1] as a religious corporation. The Lincoln University was incorporated by an act of the legislature of Pennsylvania. From its charter it appears that it was established as an "institution of learning for the scientific, classical and theological education of colored youth of the male sex," and was empowered, among other things, "to provide libraries, apparatus and all other needful means of imparting a full and thorough course of instruction in any or all of the departments of science, literature, the liberal arts, classics and theology." While the theological department of the university is under the supervision of the assembly of the Presbyterian Church, the university admits

[1] Laws 1892, c. 399, § 2, provides that religious corporations shall not be subject to the tax on legacies.

"colored pupils, of the male sex, of all religious denominations." The controversy between counsel was very spirited as to whether the appellant answered the definition "religious." While I have grave doubt that it is included in that term, I prefer to base my decision upon another ground. A statute of a state granting privileges to corporations must, in the absence of plain indications to the contrary, be held to apply only to corporations created by the state over which it has the power of visitation and control. In re Prime, 136 N. Y. 347, 32 N. E. 1091; Vanderpoel v. Gorman, 140 N. Y. 563, 575, 35 N. E. 932. It is the policy of society to encourage benevolence and charity. But it is not the proper function of the state to go outside of its own limits, and devote its resources to support the cause of religion, education, or missions for the benefit of mankind at large. In re Prime, supra. Assuming that Lincoln University is a "religious corporation," I am of opinion that, as the act manifests no intention on the part of the legislature to include foreign corporations within the exemption, it must be restricted to religious corporations organized under the laws of the state of New York. The order appealed from is affirmed.